**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER R. BARKER AND** | § | |
| **KACHIA D. BARKER** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | |
| | § | **Civil Action No.: _____** |
| | § | **JURY** |
| | § | |
| **CHRYSLER GROUP, L.L.C.** | § | |
| **Defendant.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, CHRISTOPHER R. BARKER and KACHIA D. BARKER (hereinafter referred to as "PLAINTIFFS), and files this their Original Complaint complaining of CHRYSLER GROUP, L.L.C. (hereinafter referred to as "DEFENDANT"), and for cause of action would respectfully show unto the Court as follows:

**I.**

**Jurisdiction and Venue**

(1)     This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1331(a)(1), based upon the complete diversity of citizenship between the parties, and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.  The Plaintiffs are citizens of the State of Texas.  The Defendant, CHRYSLER GROUP, L.L.C. is a foreign Limited Liability Company formed and organized in the State of Delaware, with its principle office in the State of Michigan.  The Defendant is not a citizen of Texas.

(2)     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

**II.**

**Parties**

(3)     The Plaintiffs are residents of Henderson County, Texas.

(4)     The Defendant, CHRYSLER GROUP, L.L.C. is a foreign Limited Liability Company formed and organized in the state of Delaware with its principal offices in Michigan.  The Defendant is doing business in the State of Texas.  The Defendant may be served with process by serving its registered agent C T Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234 via certified mail, return receipt requested.

### III.

### Factual Allegations

(5)     On December 15, 2010, Plaintiff, Christopher R. Barker, was operating his 2006 Red Dodge Ram 2500 Pickup bearing VIN 1D7KS28C36J192178 on Farm-to-Market Road 59 in Henderson County, Texas traveling southbound when suddenly and without any warning, portions of his Dodge truck, including but not limited to, the left tie rod ball and/or stud and/or front axel track bar failed causing Plaintiff to lose control of his vehicle and crash.

(6)     Plaintiffs would further show the very nature of the defect in question, was the subject of a recall by Defendant many months later.  As a result of the crash/accident, Plaintiff, Christopher R. Barker, sustained severe injuries and damages as outlined below.

(7)     Plaintiff's Dodge truck was designed, manufactured, and marketed by the Defendant.

(8)     As a producing and proximate result of the pickups defects, Plaintiff, Christopher R. Barker, sustained serious and permanent injuries.

### IV.

### Cause of Action

### Strict Product Liability

(9)     At all material times hereto, Defendant, was a "Manufacturer" of the vehicle in question as defined in Chapter 82.001(4) of the Texas Civil Practices and Remedies Code Annotated.

(10)     The equipment at issue in this suit was designed, manufactured, constructed, marketed and/or distributed by and through the agents and/or representatives of the Defendant.

(11)     Defendant was regularly engaged in the business of supplying or placing products, like the Equipment in question, in the stream-of-commerce for use by the consuming public, including the Plaintiffs.  Further, such conduct was solely for consumer purposes.

(12)     The Equipment in question remained unchanged from the time it was originally manufactured, distributed and sold by Chrysler Group, L.L.C., until it reached Plaintiffs and ultimately led to Plaintiffs damages. Stated another way, the Equipment in question was defective and in an unreasonably dangerous condition when it left the hands of the Chrysler Group, L.L.C. and remained defective and unreasonably dangerous at all times thereafter until it ultimately caused Plaintiffs damages.

(13)     At the time the Equipment in question was placed into the stream-of-commerce, it was, or should have been, reasonably expected and foreseeable that the Equipment in question would be used by persons such as Plaintiff in the manner and application in which it was being used at the time of the incident made the basis of this suit.

(14)     With respect to the design of the trash truck system, at the time it left the control of the Defendant, there were safer alternative designs.  Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury to Plaintiffs. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of the Defendant by the application of existing or reasonably achievable scientific knowledge.

(15)     At the time the Equipment in question left control of the Chrysler Group, L.L.C. it was defective and unreasonably dangerous in that it was not adequately designed, marketed or manufactured to minimize the risk of injury.  By way of example and without limitation, the product in question was unreasonably, dangerously defective in the following ways:

(a)     the truck in question was unreasonably, dangerously, defectively designed in there were portions of the truck, including but not limited to, the left tie rod ball stud and the front axel track bar bolt were defective and unreasonably dangerous.  This makes the truck system unreasonably, dangerously, defectively designed for its intended and reasonable foreseeable uses;

(b)     the truck possessed a manufacturing defect(s) which included but was not limited to a manufacturing defect(s) located at the left tie rod ball stud, left tie rod, and the front axel track bar bolt.  This makes the truck unreasonably, dangerously, defectively manufactured for its intended and foreseeable use.

(16)     The above unreasonably dangerous defects in the motor vehicle system were proximate and producing causes of Plaintiffs serious and permanent injuries and damages.

(17)     If Defendants assert that they did not manufacture the vehicle in question, Plaintiffs assert that they are liable to the harm caused to the Plaintiffs because 1) the manufacturer of the vehicle in question is not subject to the jurisdiction of this court and/or 2) Defendant actually knew of the defect to the vehicle in question at the time it supplied the product and the Plaintiffs' harm resulted from the defect.  See TEX. CIV. PRAC. & REM. CODE §82.003(a)(7)(B) and (a)(6).

(18)     Plaintiffs further contend that Defendant is not entitled to a rebuttal presumption that it is not liable for any injury to Plaintiffs caused by the formulation, labeling or design of the vehicle in question because it has not established that the vehicle in questions formulation, labeling and design complied with a mandatory Federal and standard or regulation.  Additionally, in the event that Defendant does establish compliance with such a regulation or standard, Plaintiffs will present evidence that the standard is inadequate to protect the public from unreasonable risks of injury or damage.

**V.**

**Negligence and Gross Negligence**

(19)     Defendant has a duty to manufacture, distribute, test and sell products that are not unreasonably dangerous.  Defendant, acting by and through their agents and/or representatives breached this duty and were thereby negligent and grossly negligent, careless and reckless in designing, manufacturing, marketing, distributing and selling the vehicle in question with the defects identified above.  As a proximate result of one or more of the aforementioned negligent and grossly negligent acts or omissions of Defendant, Plaintiff sustained serious and permanent injuries and damages.

**VI.**

**Damages**

(20)     Plaintiff, Christopher Barker's damages include past, and probably future loss, which includes:

   a.  Past and future loss of wage earning capacity;

   b.  Pain and mental anguish;

   c.  Physical and mental impairment;

   d.  Disfigurement;

   e.  Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(21)     Plaintiff's spouse, Kachia D. Barker, as a result of the incident caused by the fault, breach of duties and negligence of the Defendant, has suffered past and future loss of consortium and damage to the husband-wife relationship, including the loss of affection, solace, comfort, companionship, society, assistance, household services, emotional support, love and felicity necessary to a successful marriage.

(22)     Plaintiffs allege that the accident made the basis of this lawsuit, and Plaintiffs' injuries and resulting damages were proximately caused as a result of the wrongful conduct and negligent conduct of the Defendant as alleged and set forth herein.

(23)     Plaintiff alleges that their damages exceed the minimum jurisdictional limits of this Court.

**VII.**

**Interest**

(24)     Plaintiffs would further show that they are entitled to recover interest for all elements of damages recovered for which the law provides, for pre-judgment interest beginning on either 1) the 180th day after the Defendant received written notice of claim, or 2) the day suit is filed, whichever is earlier, and ending on the day preceding the date judgment is rendered, at the pre-judgment interest

rate governed by VTCA Finance Code §304.102, et seq.  Plaintiffs are also entitled to recover post-judgment interest at the lawful rate.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for issuance of service of citation upon Defendant, actual damages, punitive damages, costs of court, prejudgment and post judgment interest, and such other and further relief, general and special, legal and equitable to which Plaintiff may be justly entitled.

_s/s Jimmy M. Negem_
Jimmy M. Negem
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Negem & Worthington
440 South Vine Ave.
Tyler, Texas  75702
903.595.4466 (telephone)
903.593.3266 (facsimile)

ATTORNEYS FOR PLAINTIFFS CHRISTOPHER R. BARKER AND KACHIA D. BARKER